## GLOBE GRAIN & MILLING CO. et al. v. AMERICAN MARINE PRODUCTS CO.

### No. 8505.

Circuit Court of Appeals, Ninth Circuit.

July 19, 1937.

Hibbard & Kleindienst, of Los Angeles, Cal., for appellants.

Leslie S. Bowden and Frank Mergenthaler, both of Los Angeles, Cal., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order entered in section 77B, Bankr.Act, as amended, 11 U.S.C.A. § 207, proceedings denying appellants leave to intervene.

On December 31, 1936, American Marine Products Company filed a petition for reorganization under section 77B, alleging that it was unable to meet its debts as they matured.

The corporation was engaged in sardine reduction, and its principal asset was the steamship Currier, valued at $698,129. Total assets were listed at $778,283.25, and liabilities at $217,279.71. The petitioner's financial difficulties were said to be the result of maritime strikes which prevented the execution of contracts.

The court approved the petition, made an order continuing the debtor in possession of its properties, enjoining proceedings

against the debtor, requiring notice to be sent all known creditors and stockholders.

 A petition to intervene was filed by Murray Oil Products Company. It alleged no more than contracts to purchase oil and meal from the debtor. There is no order denying the petition in the record, hence nothing before us.

Another petition asking leave to intervene was filed by Globe Grain & Milling Company and Industrial Oil Products Corporation. It set forth that the debtor, during the year 1930, had contracted to sell to the petitioners certain quantities of sardine oil and meal; that petitioners had been notified by the debtor that it intended to disaffirm and reject those contracts; that there is in possession of the debtor certain quantities of sardine oil and meal which debtor is threatening to sell to others; that petitioners claim an equitable interest in said oil and meal and a right to be heard in the disposition thereof.

The debtor filed an answer to this petition to intervene, failing to deny the allegation of the threat to disaffirm the contracts and alleging that at the time of the beginning of section 77B proceedings none of the petitioners was a creditor of the debtor.

The District Judge denied the latter petition to intervene without prejudice to renewing the same. This appeal is from that order.

These appellants claim that their alleged rights against the debtor and alleged rights in the oil and meal on hand will be prejudiced unless they are allowed to intervene in the proceedings. They base their right to intervene on section 77B, subsection (c) (11) (11 U.S.C.A. § 207 (c) (11): "Any creditor or stockholder shall have the right to be heard on the question of the permanent appointment of any trustee or trustees, and on the proposed confirmation of any reorganization plan, *and upon filing a petition for leave to intervene, on such other questions arising in the proceeding as the judge shall determine.*" (Emphasis supplied.)

 It is plain from the statute that the matter of intervention is one within the discretion of the trial judge. Otherwise the proceeding could be so clogged with interventions that the purpose of 77B might be frustrated.

 Since there is no denial of the allegation of the intent and notice to reject the contract by the debtor, continued in possession by the order of the court, we may assume that the debtor then intended to apply for an order from the court to require such rejection under 11 U.S.C.A. § 27 (c) (5).

However, there was no showing of the pendency of such an application, and we assume that the court in exercising its discretion to dismiss the petition "without prejudice to renewing the same when conditions have changed" intended either to give notice to these two appellants of a motion or petition to disaffirm their contracts, or allow appellants to intervene and oppose its granting.

 The above applies to the interest of appellants in their property in their *contracts.* Appellants' claim of an equitable interest in the debtor's unsold *meal* and *oil* is not supported by a showing of refusal by debtor to perform its executory contracts for sale of some unidentified meal and oil to be produced by the debtor. Whatever claim they have is as creditors, the act providing that holders of executory contracts come within that term. Section 77B (c) (10) (11 U.S.C.A. § 207 (c) (10).

Since there was no abuse of discretion, the order is affirmed.